**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5810

KATHY MARIE WATSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-94-30129)

Submitted: July 25, 1996

Decided: August 19, 1996

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Bryan Zimarowski, Morgantown, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Paul T. Camilletti,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathy Marie Watson pled guilty to aiding and abetting the distribution of .4 grams of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996), 18 U.S.C. § 2 (1988). Pursuant to her plea agreement, a conspiracy charge was dismissed. Watson appeals her 78-month sentence, contending that the district court clearly erred in determining that her relevant conduct included more than 5 grams of crack, USSG § 2D1.1,* and in finding that she had not accepted responsibility. USSG § 3E1.1. We affirm.

At the sentencing hearing, government witness William Bailey testified that he sold 7 grams of crack to Watson sometime during the winter of 1993-94. A West Virginia state police officer who had conducted surveillance of the controlled sale to which Watson pled guilty also testified. She related information received from another confidential witness who said he bought crack from Watson on a number of occasions in 1993. Watson denied any drug dealings with Bailey. She admitted making the controlled sale to which she pled guilty and said she sold a small amount of crack to the same informant on another occasion. The district court found that Bailey's testimony was credible and that Watson's was not. The court's factual finding that Watson was responsible for more than 5 grams of crack is reviewed for clear error. United States v. Hyppolite, 65 F.3d 1151, 1158 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8395). Because the court found Bailey's testimony credible, the finding was not clearly erroneous.

Watson maintains that the district court denied her an adjustment for acceptance of responsibility because of a misunderstanding at her

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

prior bond revocation hearing over whether she had been instructed to get a therapeutic abortion. The district court revoked Watson's bond because Watson had been convicted of driving without a license, but stayed the revocation order so that Watson could consult with the doctor she preferred to see. At the sentencing hearing two weeks later, the court learned that Watson only confirmed her pregnancy after the bond revocation hearing. The district court expressed the view that Watson had been untruthful. The court explained that its decision not to grant Watson a reduction for acceptance of responsibility was based on the post-plea conduct which warranted revocation of her bond, her representations at the bond revocation hearing, and her untruthful testimony at the sentencing hearing.

Our review of the transcript of the bond revocation hearing discloses that it is possible, though by no means certain, that there was a misunderstanding about Watson's pregnancy and intended abortion rather than a deliberate misrepresentation on Watson's part. However, Watson's untruthful testimony at sentencing concerning her drug trafficking was a sufficient basis for denial of the adjustment. USSG § 3E1.1, comment. (n.1(a)) (false denial of relevant conduct which district court determines is true may be basis for adjustment). Thus, the court did not clearly err in finding that Watson had failed to demonstrate acceptance of responsibility.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3